IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA    *
                            *
v.                          *    CR 111-090
                            *
TERRANCE JAMAL LUKE         *

**O R D E R**

On Augusta 9, 2011, Defendant Terrance Jamal Luke pled guilty to a charge of felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). He was sentenced to a term of imprisonment of 120 months. Defendant did not appeal his conviction or sentence.

On July 29, 2019, Defendant submitted a letter that has been docketed as a motion for relief from judgment. Therein, Defendant seeks vacation of his § 922(g) conviction pursuant to the recent decision of Rehaif v. United States, --- U.S. ---, 139 S. Ct. 2191 (Jun. 21, 2019). In Rehaif, the United States Supreme Court held that the Government must prove both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm, which in Rehaif was an illegal alien, see 18 U.S.C. § 922(g)(5).

Here, Defendant is attempting to attack the legality of his sentence, which he can only do by filing a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Defendant's motion for relief does not reference § 2255 in any way.

Nevertheless, this Court intends to recharacterize his motion as a § 2255 motion. See Castro v. United States, 540 U.S. 375 (2003) (explaining that a district court must notify a litigant of its intent to recharacterize a *pro se* motion as a § 2255 habeas petition). This recharacterization means that any subsequent § 2255 motion will be subject to the statutory restriction on "second and successive" § 2255 motions. See 28 U.S.C. § 2255(b) & 2255(h) (prohibiting claims in second or successive § 2255 motions except under certain specified circumstances). Accordingly, Defendant must notify this Court in writing within thirty (30) days hereof if he contests the recharacterization of his motion, whether he wishes to withdraw the motion, or whether he wishes to amend the motion to assert any other § 2255 claims aside from his Rehaif claim.[1] If Defendant fails to respond to this Order within 30 days, his motion for relief will be recharacterized as a § 2255 motion, the Clerk will docket it as a new civil action,[2] and his

---

[1] The **CLERK** is **DIRECTED** to attach a copy of the standard form for § 2255 motions to Defendant's service copy of this Order in case he decides to amend his filing to include additional § 2255 claims. If Defendant chooses to amend his motion, he must set forth all his § 2255 claims on the attached form, including his Rehaif claim. In other words, if Defendant files an amended motion on the form provided, the Court will not consider the original motion; rather, the amended motion will supersede the original motion in its entirety. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Any new claims filed by Defendant are subject to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2255(f), and all other applicable standards governing § 2255 actions.

[2] **The Clerk shall docket the new civil action as a motion under 28 U.S.C. § 2255 with a *nunc pro tunc* filing date of July 29, 2019.**

2

claim will be addressed under the standards applicable to § 2255 motions.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of July, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA